UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| M/V EDITH PEARL, L.L.C. and <br> M/V DEBORAH E., L.L.C. | CIVIL ACTION |
| VERSUS | NO: 12-2962 |
| ST. JOHN FLEETING, INC. and <br> ST. JOHN FLEETING, L.L.C. | SECTION: "J" |

**ORDER AND REASONS**

Before the Court is a *Motion for Sanctions* filed by Plaintiffs M/V EDITH PEARL, L.L.C. and M/V DEBORAH E., L.L.C. **(Rec. Doc. 102)**, an *Opposition* to that motion filed by Defendants St. John Fleeting, Inc. and St. John Fleeting, L.L.C. **(Rec. Doc. 111)**, Plaintiffs' *Reply* **(Rec. Doc. 143)**, and Defendants' *Surreply* **(Rec. Doc. 145)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the *Motion for Sanctions* should be **GRANTED.**

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs request that the Court apply an adverse inference against Defendants that the data contained in several electronic sources contains information unfavorable to Defendants. Plaintiffs contend that in November 2013, they made a request for production of documents, asking Defendants to produce all payment records regarding any charter hire payments for the two subject vessels, and Defendants claimed that there were no such payments made and

1

that they had no invoices to show any payments made. Plaintiffs filed a subpoena directed to Defendants' bank and customers for invoices of payments, and Defendants attempted to quash the subpoena. Plaintiffs then filed a motion to compel, and at the hearing, Defendants claimed there were no payments made and therefore, they could not produce records of non-existent payments.

Plaintiffs then took fifteen (15) depositions to prove the fact of payment from Defendants to Plaintiffs under an alleged bareboat charter. Finally, Mr. Van Perkins, the mutual accountant for Plaintiffs and Defendants, produced records of payments made. On May 5, 2014, only five hours before the discovery deadline, Defendants produced excel spreadsheets with over 700 pages containing revenue information, and Plaintiffs hired a computer forensics expert on an expedited basis to inspect the contents of these spreadsheets. On May 14, 2014, there was a third deposition of Defendants' corporate representative, and at that deposition, Defendants produced multiple external hard drives, cassettes, and discs that supposedly contain payment information.

Plaintiffs claim that these electronic storage devices were in Defendants' position throughout this litigation, but Defendants only produced them on May 14, 2014. Plaintiffs argue that this amounts to spoliation because Defendants concealed evidence, and the preferred remedy is to grant an adverse inference against Defendants that the records Defendants produced on May 14, 2014

contain information unfavorable to Defendants' case. Plaintiffs argue that such an adverse inference is warranted in this case because Defendants, in bad faith, withheld records until the last minute, knowing that Plaintiffs would be required to search through an unduly burdensome volume of records immediately prior to trial.

Plaintiffs also request that if the Court finds that a valid bareboat charter agreement existed after 1998 that the Court order Defendant to pay attorneys' fees and costs that Plaintiffs incurred to prove the existence of a bareboat charter between 1994 and 1998. Plaintiffs argue that an award of attorneys' fees and costs is warranted in this case because Defendants were in bad faith, as evidenced by the fact that Defendants spent months denying that they ever paid charter hire to Plaintiffs before 1998 and then finally produced evidence that showed they did make payments. Plaintiffs claim that they have incurred substantial costs, including attorneys' fees, deposition fees, and costs for a forensic computer expert in an attempt to prove that Defendants paid charter hire prior to 1998.

## DISCUSSION

Because the Court has already found as a matter of fact and law that a valid and enforceable bareboat charter agreement existed whereby Defendant St. John Fleeting, Inc. and/or Defendant St. John Fleeting, L.L.C. bareboat chartered the two subject vessels, Plaintiffs' argument regarding the need for an adverse inference

against Defendants is moot. The Court will therefore only address the issue of attorneys' fees and costs.

Under Fifth Circuit precedent, this Court has inherent power to award attorneys' fees as a sanction, as long as the Court makes a specific finding that the party to be sanctioned acted in bad faith. *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 209 (5th Cir. 1998). As the Court discussed at the hearing on this motion on May 27, 2014 **(Rec. Doc. 148)**, the Court finds that Defendants blatantly failed to meet their discovery obligations in this matter and that Defendants acted in bad faith. Therefore, the Court will grant the *Motion for Sanctions*.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Sanctions* **(Rec. Doc. 102)** is **GRANTED** and that sanctions shall be imposed <u>against Defendants only</u>, not against Counsel for Defendants.

**IT IS FURTHER ORDERED** that within **twenty-one (21) days**, Plaintiffs shall file a properly-supported motion for attorneys' fees and expenses expended for the purpose of proving that Defendants paid charter hire for the two subject vessels prior to 1998.

**IT IS FURTHER ORDERED** that Defendants shall have **fourteen (14) days** following the filing and service of Plaintiffs' motion within which to file an opposition, at which time the Court will take the

matter under advisement on the briefs.

New Orleans, Louisiana this 4th day of June, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE